V.        L.       Bill Clinton H. J. McShane V. Bill Clinton G. R. McShane V. Bill Clinton G. R. McShane Yes, Mr. Little. Good morning, Your Honors. David Little on behalf of James Dale Little, and for the record, there is no relationship between myself and the appellant in this case, just a coincidence. I noted that in the brief. As the court's well aware, in order to prove possession of child pornography, the government either has to prove actual possession of that child pornography by proving custody and control over that, and or constructive possession, which would be the control and the intent to possess that child pornography. Can I get to what I think is the strongest argument against your position, just let you focus on that for the time, or focus on it right now if you want to. Yes, Judge. The email on January 26th at 4 or 7 a.m., he transmitted child pornography. All right. Apart from the transmission, that also shows possession, at least in terms of constructive possession, because it shows that he had control over and an intent to exercise the control. So why isn't that alone sufficient evidence? At trial, the government asked for the possession count, which was count two of the indictment. They proceeded not on the image, and they didn't argue that the image that was transmitted on January 26th, 2013, fell under the possession count. Well, but did ... I mean, it just seems clear to me that the indictment, count two, embraces it from all about December 21, continuing through at least on or about January 26th, coincidentally, in the Middle District of Florida and elsewhere, did knowingly possess. That covers it. Did the instructions prevent the jury from finding that that was possession? The instructions did not, Your Honor. However, if the court were to find in our favor, then our position would be as to count one, that the defendant would have been deprived of a fair trial because all of the images from count two were before the jury to consider as well. So if the court would have severed, as we requested pre-trial, or dismissed count two of the indictment, as we requested, those additional images from the December 21st email would not have come into trial. Yeah, but that's not error unless the district court abuses discretion in not severing. I can't imagine you charging somebody with possession that extends to a date in which he's charged with transmitting. I can't imagine any court ever severing those charges. I mean, the same evidence, the same transactions. What possible basis? Well, our basis would be that they were unrelated. It was a different email chain, a different recipient, and different images that occurred a month after the Texas email. But it was overlapping date, and the transmission of one item also, evidence satisfied the possession of that item in another count. Well, it was an overlapping date because the government chose to charge it that way in the indictment. But our position is that the December 21st emails, the possession of those never overlapped with the allegations as to count one of the indictment. Tell us why the denial of the motion for severance prejudiced your client. It prejudiced our client because there was a total of, I believe, 20 pornographic images that were introduced at trial. Was one of them the January 26th, 4 or 7 a.m. image? It was. Okay. That and 19 more. But as far as the additional prejudice, we're now introducing evidence of additional email conversations and additional conduct on the part of Mr. Little rather than one single transmission that occurred in Tampa, Florida. So your position is if the government charges anybody with transmitting child pornography, they can't introduce any evidence of other possession of child pornography? As to the facts of this case, our position is that it was improper venue in the middle district of Florida as to the additional images. I understand that, but in terms of your severance, putting aside the venue, in terms of your severance, your position is that if the government charges someone with transmitting, they can't introduce evidence of possession of the same type of images? I would argue that they would be limited to the one image that was in that transmission account if there's no additional counts of possession charged in the indictment. So if somebody is charged with selling a stolen vehicle, I'm sure that's a federal crime, and you couldn't introduce evidence that where that vehicle was found, there were eight other stolen vehicles parked right beside it on the defendant's property behind the fence that said no trespassing? In that circumstance, assuming pre-trial the government filed the appropriate motions and sought permission from the court and ultimately was granted that permission from the court, then in that circumstance they could introduce that additional evidence. Based on the facts of this case, that didn't occur. They simply proceeded on count two as a possession case based on images which were received in an email when Mr. Little was in Texas. Our position is that there was never any evidence introduced that he possessed those images while he was in the Middle District of Tampa. On the severance issue, don't we have to review that based on the plain error standard? Yes, Your Honor. The motion was untimely? Correct, Your Honor. And I believe we did note in the brief that it was untimely, and the court did note that as well when deciding that motion for severance. But as far as the insufficiency of the evidence of possession as to count two, and ultimately what I would argue would then be improper venue as to count two, I would rely on specifically the district court comments during the Rule 29 conference when she was asked by trial counsel, or when he made the point that the emails from the 21st don't continue after the 21st. In response to that, the district court said, yeah, but how did I know he didn't possess them after the 21st? That alone draws the conclusion that the government failed to prove that the emails from the 21st, or the child pornography images from the 21st, were ever possessed by Mr. Little after the 21st. Even the district court judge had a comment, well, how does she know that they weren't possessed afterwards? That was the government's burden during their case in chief to put that evidence forth, and they failed to do that, and that was recognized by the district court when she made her decision. Ultimately, what the government's asking is for this court to adopt the rule of constructive possession as to the contents of an email account that regardless of where you may be, and regardless of whether you actually access any file in that email account, they can prosecute you in any jurisdiction that you may cross if you have the ability to potentially access that email account. That's a stretch as far as constructive possession, and ultimately, I would argue that that creates almost an opportunity for the government to venue shop. Where are we going to prosecute this person? That happens whenever the crime extends beyond one venue. Correct. But our argument is that this crime, as far as count two goes, did not extend outside of Texas. Except that he transmitted and therefore exercised control over, with intent to exercise control over, an image while he was in Tampa. A separate image. That was . . . Yeah, but you look at count one, they didn't charge him with everything except the last image. Correct. That's count one. So it included that image. Count one, correct. The one image from Tampa. And count two included the one image from Tampa. The evidence that came in at trial, that photograph was not introduced as part of count two. Wait. The government introduced photographs and said, I'm introducing this as to count one, but not as to count two, or I'm introducing this as to count two, but not as to count one? The way it was argued is the images from the December 21st were argued by the government in support of the possession count. I don't understand argued. If the judge reads the indictment to or lets the indictment go to the jury, and if the instructions permit the jury to convict if the defendant possessed anything during the date range that is set out in the indictment, which covers January 26th and the 4.07 a.m. time of January 26th, I don't understand the fact that the government didn't tell the jury. Now, that proves that. I don't understand why you think, therefore, the jury couldn't have convicted on that. The judge's instructions are what the jury is supposed to follow. They're told not to take what the lawyers say is the law. Right. And the jury could have made that finding. I don't know. My argument is that the additional images from Texas in count two was not properly tried in the Middle District of Florida. And that evidence, regardless of whether there's a finding of possession on the image related to the transportation count, count one, those additional images in count two was improper in the Middle District of Florida. It should not have been prosecuted in Tampa. And there was insufficient evidence to prove possession of those additional images that were introduced at trial. Ultimately, I want to address one case that the government cites in their brief. They cite the Pruitt case. As the court's aware, the Pruitt case was a receipt of child pornography case. He was charged in a three-count indictment. Count one, I think, is probably most similar to the facts we have in this case, where he was using a work computer to access a remote server to view child pornography. That was a receipt case, so the standard's a little bit different. But I want to point to Pruitt in that the jury actually acquitted of the possession count, and he was never charged with possession on count one, or in relation to count one, which was the possession. So the jury's acquittal on that is some kind of precedent? No, it's not precedent. I'm offering it as an example of the difference between the receipt and the actual possession of child pornography. I think if they charged a receipt by using this phone to access the pornography and receive it to view it, then I think we're in a different position. But as far as simply arguing that he possessed those images in count two, that was improper in Tampa. Thank you, counsel. Mr. Shaw. Good morning, Your Honors. Peter Shaw on behalf of the United States. I think what Mr. Little is doing in this case, and I think the Court is correctly focusing on that, is try to cut this case up into far too many little pieces and try and gain whatever tactical advantages, factually or legally, he can gain from looking at the little pieces individually instead of stepping back and looking at the entire case, which, of course, is what the jury did and what the District Court did and what I think this Court correctly should do. I'd like to focus my comments on the challenges to the sufficiency of the evidence and the venue issue regarding the possession offense. First of all, those challenges really have no effect on Little's conviction for the transportation offense. So even if this Court were to reverse on the possession offense, the conviction on the transportation offense would still be in place. If we accept your argument on the remaining count, then it takes care of the venue. If we accept your argument on the sufficiency on the remaining count, it really takes care of the venue. Sure, the venue and the sufficiency issues are linked and they're really one and the same factual questions. If he had, if the government had venue over the transmission count, then, of course, you could join the possession count because of the overlap even if you wouldn't have had venue over the possession count alone, couldn't you? I think you could because the case needs to be looked at as a whole. And really, when you look at what the facts are in this case and the challenges to the sufficiency of the evidence on the possession account as well as the venue account, I'm sorry, the venue issue, it really involves a straightforward application of settled possession and venue law to a factual scenario that's really quite common in child pornography cases. The only thing that's really unique about this case is that the pictures in question weren't stored on a piece of paper. They weren't stored on the defendant's cell phone or laptop or desktop computer. They were attached to emails that were stored in Little's email account on Google's server in California. And he used his cell phone here in Florida and in Texas and elsewhere, wherever he might happen to be, to access those accounts or that account and the pictures that were attached to those emails remotely over the internet. And really, when you boil away the electronic form of that, you're really looking at some very simple substantive issues that relate to actual and constructive possession. So here are the key facts regarding the possession and the venue issues. In December 2012 and January 2013, Little routinely used his cell phone to access the internet, to communicate with other individuals over the internet about child pornography directly and to exchange child pornography either by email or by communicating on social networking websites. And he also used his cell phone to view and try to view pictures, videos, and websites that contain child pornography. During that period, when he wasn't on the shrimp boat in the Gulf of Mexico, he lived first in Freeport, Texas, and then in Tampa, Florida, and he moved from Freeport to Tampa on December 26th. The images that were received in the December 21st email while he was in Freeport, he received from another individual in the Tolbert account. There were three accounts that were involved in this case. And that was the email that contained the 20 pictures. And those are the emails that essentially formed the main basis for the possession offense. He did not delete those images from his email account. After he moved to Tampa, he continued to use the same email account to communicate about child pornography, including on January 26th when he sent the email that forms the main basis, or the only basis really, for the transportation account. And I think this gets at some of the issues that the court was getting at in the conversation with Mr. Little here. That's why you really need to look at the entire case together. When you step back and look at what the defendant was doing here, he was using his phone. He was talking with people about child pornography. He was sending images. He was receiving images. That was really what was going on here. The fact that it crossed the state line really doesn't matter because he was really engaged in the same process throughout the entire time frame. And importantly, both of the key emails in this case, there were others as well, which contained child pornography. But the two charged, the emails that contained the two sets of charged images were still in his email account when the agents executed the search warrant on the Google server here in California about a year and a half later. So as to actual possession, as the court is well aware and was discussing in one of the prior cases, the person has to have direct physical control over the object. And in this case, a reasonable jury easily could have found actual physical control over the emails attached to the December 21 email because the defendant had direct physical control over the pictures in his email account on Google's server over the Internet. It was a cell phone. And the way the Google server system works, he could have viewed those pictures anytime he wanted to simply by pressing the buttons on his phone. Again, focusing on the thing that's unique about this case, the pictures themselves were digital pictures. So to that extent, they were intangible items and they were attached to the emails. But the fact remains that Little continued to have direct physical control over them in the email account on Google's server through the tangible tool that he had in his pocket, which was his cell phone. So an actual possession theory was argued to the jury and it was instructed and that was something that the jury reasonably could have found. With respect to constructive possession, the standard there is power and intent to exercise control over it. And in this case, a reasonable jury also could have made that finding as well, even if he did not have actual possession of the pictures because he had the power and intent to exercise control through his cell phone in Tampa. Again, he routinely used his cell phone to access his email account on Google's server and to access other social networking sites so that he could discuss and exchange pictures. He also made a conscious decision to retain those pictures and to keep them in his account. And that's consistent with the fact that, as this court has noted in decisions, collectors of child pornography often hang on to it for a long time because it's difficult to acquire. The fact that it was on Google's server in California is not really a significant issue at all. Joint possession certainly contemplates shared possession and, in this case, Google is in the business of maintaining information for its users and that's exactly what happened here and there was clearly joint possession. Now, as to the venue issue, I think perhaps Judge Pryor noted the fact that it's a continuing offense and that's true. Little began possessing the pictures that underlie the possession offense while he was in Freeport when he received the December 21 email, retained them in Google's server when he decided not to delete them. He continued to possess them when he moved to Tampa and he still possessed them when the officers executed the warrant on Google a year and a half later. Why didn't you argue in your briefs, for example? I'm sorry, Your Honor? Why didn't you argue in your briefs, for example, the theory that I asked opposing counsel there about, which is that if he transmitted them on December 26 at 4.07 a.m., he obviously exercised control over and constructively possessed them on that date. There's no evidence that he received them on that date. On which date, the January 26 date? Yes. Right. No, he clearly did not receive them on that date. So why isn't that sufficient evidence that he possessed that one image before that date? The one image on the January 26 date? Yes. If he transmitted it, he had to have possessed it before that date unless he received it on that date. And you say there's no evidence he did. So he possessed it before that date. He had control over it before that date. And the fact that he transmitted it on that date shows that he had an intent to transmit it. Well, certainly he possessed it prior to transmitting it. And the fact that he transmitted it certainly shows. And it shows he has control over it. So why isn't that the answer to the possession sufficiency issue? Well, I don't know that that was the way it was presented. I know that the court is correct and that that certainly could support that. You understand. Every jury, and I'm sure you've heard it many more times than I have, is instructed that the arguments of the lawyers is not evidence. That's correct. And that they're not to instruct you on the law. I, the judge, am to instruct you on the law. Did Judge Chappelle instruct the jury anything inconsistent with finding that because he transmitted, had access to, exerted control over, and transmitted that photograph at 4.07 a.m. on that morning, which was in the range of dates in count one, that they couldn't convict him on that? No, Your Honor. There was nothing inconsistent with that. And I think during some of the discussions on some of the motions that were made, it may have been in the Rule 29, it may have been in the venue portion of that, I can't recall exactly when, but the prosecutor who tried the case explained that the date range that was selected for the possession count was selected because it included the dates on which all of the child pornography at issue in the case, at least the charged child pornography. But all you had to prove is one image. Correct. I just. Seems like a simple case. It is. But we always wonder and have insecurities if what seems so simple to us hasn't occurred to anybody until we get here. No, I understand, Your Honor. Now, I would like to address one point in Little's reply brief. On page four, he asserts that he's asking this court to speculate about what his intent may have been and to assume they had the intent to exercise control over the pictures in his e-mail account while he was in Tampa. That's not right. The United States is not asking this court to speculate or to make any assumptions about Little's intent. It's asking the court to conclude that a reasonable jury could have found, based on the evidence, that Little had the necessary intent. So unless the court has additional questions regarding the severance issue, I'm prepared to submit on that issue and the sentencing issues as well. We'll accept that submission. Thank you, counsel. Mr. Little, three minutes. As to the court's question about the possession of that one image that was sent on January 26th of 2013, at trial, there really was a lack of forensic evidence of where that picture came from. It doesn't really matter, does it? If he's in Tampa and he exercises control over it sufficient to transmit it, he's possessed it. Correct, correct. Constructively possessed it. Correct, Judge. I would agree with that. And that really takes care of the sufficiency and the venue issue. As to count one, I would still argue that there's the issue with count two, whether the possession of the images or the evidence from the December 21st email from Texas was appropriate. As to count two, count two is the transmission. Possession. Possession. Got them backwards. I understand. Your Honors, really what it is, it's the big picture here of the theory that the government's putting forward as far as possession of the contents of an email account. Really what the government's trying to do is say in order to prove possession of what's in an email account, all we have to do is prove that there was an email account, and at some point in time somebody could access that email account. I think that's a broad stroke of the possession that kind of eliminates the need to prove intent in the big picture. And for those reasons, I would ask the court as to count two to reverse and vacate the judgment sentence as to count two, finding that there was insufficient evidence that he had the power and the intent to possess those images that were attached to the December 21st email which was received in Texas. Thank you. Thank you. We'll take that case under submission.   Yes. Oh, me. Yeah, it's been nice. It's been nice to have my husband with me, and we haven't done anything special. I just get home, and I'm exhausted, and I'm that way at home, too. At about 9.20 I go to bed, and he's up at 9.30, and I'm up at 9.30. Are you that tired? Yeah, I am. I'm really tired. I'm that far behind you. I'm losing it. Oh, me. But, yeah, this has been really nice. Did you take that to the next court? I'm sure you did. Well, we always try to take Erlene out while we're here, and I was listening to the news today, and it said that it's going to be raining after. And so I emailed Erlene because I knew she didn't come in until later, and I said, do you want to go to lunch instead of dinner? But anyway, so I'll go check that out when I see her. All right, Tommy. Okay, I got your number. All right. All right. All right.